## Ex Parte Priest.

1. **Notary Public**: POWER TO COMMIT FOR CONTEMPT. The statutes confer authority on notaries public to commit to prison any witness who refuses, when duly summoned, to give his deposition. R. S. 1879, §§ 2133, 2150, 4027.

2. **Depositions.** A witness had given his deposition in a former suit, and under stipulation of counsel the parties to another suit growing out of the same facts were at liberty to read it in evidence. *Held*, that this did not excuse him from deposing in the second suit. Neither did the fact that he had been examined at the trial of the former suit and his examination had been written out at length and preserved, and the substance of the examination embodied in a bill of exceptions filed in court.

3. ———: PARTY TO SUIT. A party to a suit is under the same obligation to give his deposition as any other person.

4. ———. That a witness resides within the jurisdiction of the court in which a suit is pending, is in good health and contemplates no prolonged absence, but expects to be present at the trial, is not made by the statute an exception to the right of a party to the suit to have his deposition.

*Habeas Corpus.*

WRIT DENIED.

*A. J. P. Garesche* for the petitioner.

At common law, the examination of witnesses was *ore tenus*, and no deposition could be taken, save by consent or through the slow, tedious and expensive process of a bill in chancery. 2 Black. Com., (Cooley Ed.) bk. 3, § 383; 2 Sto. Eq. Jur., (11 Ed.) 389, § 1514; 1 Dan. Ch. Plead. & Prac., (5 Ed.) § 933. As a graft from equity it is to be strictly construed. *Buddicum v. Kirk*, 3 Cranch 296; *Beal v. Thompson*, 8 Cranch 70; *Bell v. Morrison*, 1 Peters 356; *Stevenson v. Myers*, 1 Harr. & John. 102 ; *Saunders v. Erwin*, 2 How. (Miss.) 732; *Baxter v. Payne*, 1 Pin. (Wis.) 504; Weeks on Dep'ns, § 454, p. 517 ; *Seymour v. Farrell*, 51 Mo. 95; *Ex parte Mallinkrodt*, 20 Mo. 493. As a graft from equity, to the precedents of equity for its interpretation

recourse is to be had. The rule in equity forbids the deposition of a witness to be re-taken, save by leave of court. Weeks Dep'ns, § 534; 1 Dan. Ch. Plead. & Prac., (5 Ed.) 952 and n. 3; *Phettiplace v. Sayles*, 4 Mason 321; *Beach v. Bank*, 2 Wend. 581; *Hanson v. Presbyterian Ch.*, 11 N. J. Eq., 443. This rule that the construction of the law because drawn from chancery should follow its precedents, is neither new nor unusual. Dwarris on Stat., (Potter) p. 145, sub. 18; 2 A. K. Marshall, 643; *Deneal v. Allensworth*, 2 J. J. Marsh. 447; *Kirby v. Cannon*, 9 Ind. 373; *Addleman v. Swartz*, 22 Ind. 251. Yet the statute of Indiana imposes no other limit than our own. 2 Dig., Gavin & Hord, p. 175, §§ 249, 250; *Scott v. Mining Co.*, 2 Nev. 84; compare *Skouten v. Wood*, 57 Mo. 382.

It is not the intention of the statute to give to either party the right to examine and re-examine a witness as often as his humor, whim, caprice or even malice may suggest. Hardship as it would be to a suitor, oppressive to the poor asking indemnity from the rich, it becomes still more grievous to the witness who is only a witness and without interest in the suit. On the other hand, what harm can result from the establishment of the principle as asked by petitioner? The rule of equity is not absolute that never a re-examination can be had, but only upon good cause shown. Such cause would be in the discovery of new matter, in relation to which the witness had not been cross-examined; or that the former deposition was not properly taken; or that the issues had been changed by a material amendment of the pleadings. All of these reasons would address themselves to the sound discretion of the court and justify a new deposition. But the court could also prescribe the terms. It could refuse, for instance, if the adverse party would waive the informality of the taking. Or it might limit the party to a re-examination only as to the new matter. And then the opposite party might discern no necessity to incur the expense or annoyance of an attendance by himself or his counsel. In

truth it is an abuse of the act that he should re-examine when no necessity existed. Why then should the court be deprived of the power to pass upon this necessity in the case of a deposition, any more than in the case of an oral examination?

*Herman & Reyburn* and *G. M. Stewart, contra.*

It is apparent from the application, that the petitioner is detained for a contempt, specifically and plainly charged in the commitment, by an officer having authority to commit for such contempt. (*a*) The petitioner being a party to the action, the opposing party had the right to take his deposition, and for that purpose, to cause him to be subpœnaed and compelled to testify. (*b*) If he refused to attend and testify, he was in contempt. (*c*) The notary had authority to compel the attendance of the petitioner and take his testimony, and to commit in case of contempt. *Ex parte McKee,* 18 Mo. 599 ; *Ex parte Goodin,* 67 Mo. 640 ; *Ex parte Toney,* 11 Mo. 662 ; *Ex parte Page,* 49 Mo. 291 ; Hurd Hab. Corp., (2 Ed.) 328 ; *Holman v. Mayor,* 34 Texas 638 ; R. S. 1879, §§ 2130, 4027, 4012, 4016, 6460, 2150. In an action at law, a party to the action has, as of course, the right to take the deposition of a witness more than once, without leave of court. *Beach v. Schumultz,* 20 Ill. 189 ; *Parker v. Chambers,* 24 Ga. 524 ; *Watson v. Brewster,* 1 Pa. St. 382 ; *Martin v. Kaffroth,* 16 Serg. & R. 124 ; *Cornett v. Williams,* 20 Wall. 243. The statute permitting and requiring parties to actions to testify in the same, being remedial, should receive a liberal construction. *Bond v. Worley,* 26 Mo. 253 ; *Eck v. Hatcher,* 58 Mo. 235 ; *Millsaps v. Pfeiffer,* 44 Miss. 805 ; *Shotwell v. Smith,* 20 N. J. Eq. 79 ; *Glenney v. Stedwell,* 64 N. Y. 120 ; *Goodwin v. Wood,* 5 Ala. 152 ; *Branch Bank v. Parker,* 5 Ala. 731 ; *Goodwin v. Harrison,* 6 Ala. 438 ; *Newman v. Kendall,* 2 A. K. Marsh. 234 ; *Cornett v. Williams,* 20 Wall. 226. Counsel for petitioner contends that the statute regarding depositions, being in

derogation of the common law, must be strictly construed. He forgets that the statute gives a right not existing at common law ; and that, therefore, it is to be liberally construed. *Putnam v. Ross*, 46 Mo. 338; *Oster v. Rabeneau*, 46 Mo. 598 ; Sedgwick on Const. Stat., (2 Ed.) 270. The question is one of procedure, in the court where the cause is pending. If petitioner, in his capacity as a party litigant, will appeal to the court where the action is pending, and satisfy that court that its process has been abused by his adversary, he will doubtless obtain prompt and full redress, with the right of appeal to this tribunal, if justice has been denied him. This conclusion is irresistible, unless petitioner's position is true in law, that the taking the deposition of a witness the second time in a cause, without leave of court, is *per se* illegal and in violation of the rights of the witness. *Hester v. Lumpkin*, 4 Ala. 511; *Herbert v. Hanrick*, 16 Ala. 581; *Broadnax v. Sullivan*, 29 Ala. 320. It is apparent from the application, that the issues joined in the case in which petitioner's deposition was taken, are not, and from the nature of things, could not be the same as in this, and hence, that Chouteau could not have examined him upon the questions here involved.

HENRY, J—The petition alleges that petitioner is restrained of his liberty by Isaac M. Mason, sheriff of the city of St. Louis, under and by virtue of his commitment by Francis Vallé, a notary public within said city, duly commissioned, etc., for the refusal of said petitioner to testify in a cause wherein said petitioner is plaintiff and Charles P. Chouteau is defendant, pending in the circuit court of the city of St. Louis, said defendant having given due notice that he would take the depositions of witnesses in said cause, before said notary, and said Priest having been duly subpœnaed to appear before said notary and testify therein ; that there was then pending in the St. Louis court of appeals a suit in ejectment in which Frederick R. Priest was plaintiff, and said Chouteau was de-

fendant, for the possession of a certain lease-hold interest, situate in the city of St. Louis, which was purchased by said plaintiff under a deed of trust conveying the same to August L. Priest, as trustee, to secure the payment of two promissory notes in the aggregate amounting to $6,000 and interest, executed by Benedict DeBar to John G. Priest. In that suit, Chouteau, among other defenses, alleged that said lease-hold was the partnership property of a firm composed of himself, DeBar and the trustee of Alice B. Wakefield; that the firm was largely indebted to said Chouteau as surviving partner; that the debt secured by said deed of trust made by DeBar, was not a partnership debt. After Chouteau's answer was filed in said suit, the petitioner, John G. Priest, sued him on said note, alleging that the money was borrowed for, and used by the said firm, and alleging that said Chouteau was a member of that firm. In the ejectment suit the petitioner's deposition was taken, and the petition alleges that petitioner therein testified fully in relation to all matters at issue in said suit; that said deposition was not read at the trial thereof, but that petitioner was introduced as a witness by the plaintiff therein, and cross-examined by Chouteau's counsel, and his testimony subsequently written out at full length, and that the notes thereof are still extant and within the power of said Chouteau, and also that the substance of said testimony was embodied in the bill of exceptions filed in said cause, and copied into the transcript filed in the office of the clerk of the St. Louis court of appeals. It is also alleged that the suit of F. R. Priest against Chouteau, and that of John G. Priest against Chouteau, are under the same loan based on the same facts; that the former suit was for the recovery of the possession of said lease-hold, and the latter to recover the debt secured by said deed of trust. He further states that after the institution of the latter suit it was agreed between the parties that any deposition taken in the former might be read by either party at the trial of the latter cause. He further states that

there is no necessity to take his deposition, he being a resident of the said city, in good health, and contemplating no prolonged absence from the city; but on the contrary, intending to be present at the trial.

On the foregoing facts we have determined that the restraint of petitioner's personal liberty by the sheriff, Mason, is not illegal. Our statute, section 2130, provides that: "Any party to a suit pending in any court in this State, may obtain the deposition of any witness, to be used in such suit conditionally." The conditions upon which such deposition may be read, will be found in section 2157, and do not affect the question before us. Section 2133 confers authority on notaries public to take depositions, and 2150 provides that: "Every person, judge or other officer of the State required to take the depositions or examinations of witnesses, in pursuance of this chapter, * * shall have power to issue subpœnas for witnesses to appear and testify, and to compel their attendance in the same manner and under like penalties as any court of record in this State." Said section further provides that: "Any person, summoned as a witness, in virtue of the provisions of this chapter, and attending, who shall refuse to give evidence which may lawfully be required to be given by him, on oath or affirmation, may be committed to prison by the officer or person authorized to take his deposition or testimony," etc. The same power is also conferred by section 4027 of the act in relation to witnesses, Revised Statutes, 691. With regard to the power of the notary to commit a contumacious witness for contempt, the above section is explicit.

It only remains to consider the reasons alleged by petitioner for his refusal to testify before the notary. His deposition had never been taken, nor had he ever testified, in the cause, in which he was summoned by the notary to testify; and the position of petitioner's counsel, that, when a witness has once deposed or testified in a cause, he cannot be required to depose or testify again,

1. NOTARY PUBLIC: power to commit for contempt.

2. DEPOSITIONS.

without an order of the court in which the cause is pend-
ing, has no foundation on the facts presented by this peti-
tion, saying nothing as to its correctness as a legal propo-
sition.   Nor did the stipulation between the parties, that
all depositions taken in the case of F. R. Priest against
Chouteau, might be read by either party, as evidence in
the case of Jno. G. Priest against Chouteau, deprive Chou-
teau of the right to take petitioner's deposition in the latter
cause.   It was not the same suit.   The cause of action is
not the same, and it by no means follows, because some of
the issues were the same in both, that Chouteau might not
have desired, and been entitled to, petitioner's testimony
on other matters than that to which his testimony related
in the other cause.   Nor was it a sufficient reason for his
refusal to testify, that his oral testimony had been given
in the other cause, and reduced to writing, and substan-
tially embodied in a bill of exceptions filed in that cause.
The testimony delivered could only have been proved by
witnesses who heard it, and he had the right to call on pe-
titioner to testify to the facts, as by far more satisfactory
evidence than that of a third person relying upon his
memory or notes of the testimony taken to state what
petitioner's testimony was.   The bill of exceptions did not,
as appears from this petition, contain the entire testimony
given by petitioner, but only the substance.

A party to a suit is a competent witness for himself,
and may be called as a witness by his adversary, and stands
precisely as any other witness, in relation to
that suit, with the same rights and duties,
neither more nor less, and if any other witness who had
given his deposition in the cause of F. R. Priest against
Chouteau, had been summoned to testify in the cause of
John G. Priest against Chouteau, he could not have re-
fused to testify, for that reason, or any other reason alleged
by the petitioner in this petition.

That the petitioner resides in St. Louis, is in good
health and contemplates no prolonged absence from the

3. ——— : party to
suit.

4. ——.    city, but expects to be present at the trial of the cause, is not made an exception to the right of a party to a suit to have his deposition.    The oppression and annoyance to which witnesses and suitors who may be summoned as witnesses may be subjected under the statute which confers such power upon notaries and justices of the peace, is a matter for the consideration of the legislature, and we shall withhold an expression of opinion on such a case until it shall have come before us.    For the foregoing reasons under section 2620, Revised Statutes, we decline to grant the writ of *habeas corpus*.    All concur.