*In the Matter of the Application of* CHANDLER C. ABBOTT *for a Writ of Habeas Corpus.*

(Filed July 30, 1898.)

1. CONTEMPT—*Power of Probate Judge to Punish for.* A judge of probate has power to commit a witness for contempt who, having been duly subpoenaed before him for that purpose, refuses to be sworn or to give his deposition.

2. WITNESS—*Adverse Party Competent.* A party to a suit is a competent witness for himself, and may be called as a witness by his adver-

sary, and his deposition be taken. He stands precisely as any other witness with relation to the suit in relation to his obligation to testify, and he may be dealt with the same as any other witness who refuses to obey a subpoena or an order to be sworn and testify. (Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*Lewis & Snyder*, for petitioner.

*McConnell & Chambers* and *Harper S. Cunningham*, per contra.

Opinion of the court by

TARSNEY, J.: In a cause pending in the district court of Oklahoma county, wherein Nathan & Manheimer were plaintiffs, and Chandler C. Abbott, the petitioner, and others, were defendants, the plaintiffs gave notice of the taking of depositions before the probate judge of Oklahoma county. A subpoena was duly issued by said judge, and served upon the petitioner, requiring him to appear before the said judge of probate to give testimony in said cause. In obedience to the subpoena he appreared, but refused to be sworn or to tesitfy —first, because he was a defendant in the action, and expected to be present at the trial; second, because the attempt to take his deposition was not made in good faith, but was for the mere purpose of ascertaining in advance of the trial the line of defense and testimony of the defendant; third, that said probate judge had no jurisdiction of the person of the petitioner, and no authority in law to take such deposition. A showing was made in behalf of the plaintiff of good faith, and that the depositions were intended to be used upon the trial of the action. Petitioner refusing to be sworn or to testify, the judge of probate adjudged him to be guilty

of contempt, and ordered that he be committed until he should be willing to be sworn and to give his deposition. He petitions for relief insisting that it was not a case in which his deposition could be taken; and, further, that the judge of probate had no authority to compel him to testify.

On the foregoing facts, we have determined that the restraint of petitioner's personal liberty by the sheriff, John R. Barrows, under the committment for contempt, is not illegal. Our statute (Code Civ. Proc. sec. 333; Statutes 1893) provides that "any party to a civil action or proceeding may compel any adverse party or persons, for whose benefit such action or proceeding was instituted, prosecuted or defended at the trial, or by deposition, to testify as a witness in the same manner, and subject to the same rules, as other witnesses." The conditions upon which such deposition may be read will be found in section 358 of the Code, and do not affect the question before us. Section 360 of said Code provides that "depositions may be taken in this Territory before a judge or clerk of a court of record." When the attendance of the witness before any officer authorized to take depositions is required, a subpoena shall be issued by such officer. (Code, sec. 338.) Disobedience of a subpoena, or refusal to be sworn or to answer as a witness, or to subscribe to a deposition, when lawfully ordered, may be punished as a contempt of the court or officer by whom his attendance or testimony is required. (*Id.* sec. 342.) When the witness fails to attend in obedience to the subpoena, the court or officer may fine the witness in a sum not exceeding $50. In other cases the court or officer may fine the witness in a sum not exceeding $50, or may imprison him in the county jail,

there to remain until he shall submit to be sworn, testify, or give his deposition. (Id. sec. 344.) A party to a suit is a competent witness for himself, and may be called as a witness by his adversary, and stands precisely as another witness in relation to that suit, with the same rights and duties, neither more nor less. That the petitioner resided in Oklahoma county, was in good health, contemplated no prolonged absence from the county, but expected to be present at the trial of the cause, is not made an exception to the right of a party to a suit to have his deposition taken. (*Ex-parte Priest*, 76 Mo. 229.) The provisions of section 358 of the Code, providing that the deposition of a witness may be used on the trial of the cause only in the cases where the witness does not reside in the county where the action or proceeding is pending, or is absent therefrom, or by reason of age, infirmity, or imprisonment is unable to attend court, or is dead, do not affect the question of the right to take the deposition, but only affect the right to use the same upon the trial of the cause. The provisions of the Code of Civil Procedure are ample to give authority for the taking of the petitioner's deposition, to require him to attend before the court or officer to be sworn and to testify, and, on his failure or refusal so to do, to commit him for contempt until he shall show a willingness to comply with the order of the court or officer; provided, of course, that the committing officer is one authorized to take depositions.

The contention by the petitioner here is that the judge of probate is not an officer authorized to take depositions. We cannot approve of this contention. Probate courts are courts of record, having a seal and clerk, (Statutes 1893, sec. 1576.) In their respective counties,

in addition to their powers in probate matters, they have and exercise the ordinary powers and jurisdiction of justices of the peace, and have concurrent jurisdiction with the district court in civil cases in ordinary actions, involving not to exceed $1,000, exclusive of costs.

The case *In re Huron* (Kan. Sup.) 48 Pac. 574, cited by petitioner, is not in point. That case simply holds that to try a question of contempt and adjudge punishment is an exercise of judicial power; that notaries public are not "courts," in the sense in which the term is used in the constitution; that the power to punish for contempt, being a judicial power, can only be exercised by such courts or officers as are, by constitutional force, made repositories of judicial power. The question involved in the case was whether a notary public might lawfully imprison a witness for contempt who had refused to testify. Notwithstanding the decision in the case is contrary to the conclusion reached upon the same question in numerous cases decided by the same court and others, and cited in the opinion, it is not an authority here, for the reason that the point upon which it was decided, viz. that the officer, under the constitution, was not vested with judicial power, cannot be upheld in this case. In this Territory probate courts are constitutional courts, and such courts and the judges thereof are, by the Organic Act, vested with judicial powers.

Section 9 of the Organic Act approved May 2, 1890, provides: "That the judicial power of said Territory shall be vested in a supreme court, district courts, probate courts, and justices of the peace. * * The jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate court and of the justices of the peace, shall be as limited by

law." And section 6 of said Organic Act provides "that the legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States."

In *Central Loan & Trust Co. v. Campbell Commission Co.*, 5 Okl. 396, 49 Pac. 48, this court held that the powers and functions of a probate court were not limited solely to matters of probate, and that their jurisdiction could be enlarged beyond matters exclusively of probate by the territorial legislature, in matters not of common law or chancery jurisdiction, or of the essential nature or jurisdiction of the supreme and district court; that the legislative power was not so restricted that it might not confer jurisdiction upon the probate court, or the judge thereof, in matters which did not impair the essential nature or jurisdiction of the supreme or district courts, or relate to common law or chancery jurisdiction. It was in that case said that "had the legislature, in the exercise of its authority to legislate 'on all rightful subjects of legislation,' seen fit to confer upon judges of probate the power to issue marriage licenses, to solemnize marriages, to organize corporations, to hear and determine contested election cases, to take deposition in any case in any court, or acts of a similar character, we would not be warranted in holding that the conferring of such powers would infringe upon the general jurisdiction of the supreme or district courts, or modify in any essential particular the constitution or jurisdiction of those courts." Where, by constitutional provision, judicial power is vested in certain courts, the judges thereof may, by legislative enactment, be authorized to perform acts that are judicial in their nature; in

fact, a large part of the duties performed by the judges of courts of record of a judicial nature is done by said judges, not sitting as a court, but as judges at chambers, and in the vacation of the court.

If a probate judge in this Territory has not power to take depositions and to punish for contempt contumacious witnesses, then that power does not exist in this Territory anywhere, for it is nowhere conferred by statute upon courts, but is conferred upon the judges of courts of record. The same argument that exists, if any exists, against the authority being in the judge of probate, would exist with equal force when the test was applied to the judges of the supreme or district courts. We entertain no doubt of the authority of the legislature to confer upon judges of probate the power to take depositions and to punish for contempt witnesses who disobey their lawful orders, either with regard to attendance or to being sworn and delivering their testimony; nor do we entertain any doubt but that the legislature has conferred such power fully and adequately. It follows that the commitment against which the petitioner complains was not illegal, and that the petitioner is not entitled to the relief asked.

It is ordered that the writ be denied; that the petitioner be remanded to the custody of the respondent, to be dealt with according to law.

All of the Justices concurring.