CARPENTER v. STATE BANK OF SILOAM SPRINGS.

Opinion delivered July 10, 1922.

1. PARTNERSHIP—COMPLAINT HELD TO ALLEGE A PARTNERSHIP.—A complaint by a bank against the payee of a check and another alleging that defendants were engaged in raising, buying and marketing cattle and other live stock, that the payee, acting on behalf of himself and the other defendant, sold cattle belonging to the latter and received a check which was cashed by plaintiff bank and was subsequently dishonored, was sufficient to allege a partnership between defendants in raising cattle.

2. PARTNERSHIP—EVIDENCE.—A finding that a partnership in the cattle business existed between two defendants is sustained by proof that one of the defendants furnished the cattle and money to run the business, that the other defendant was to run the business, and that the increase of the cattle was to be divided between the two.

3. TRIAL—INSTRUCTION.—In an action against an indorser of a check and a codefendant, an instruction as to liability on the theory of partnership *held* not misleading and prejudicial, in view of other instructions given.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

STATEMENT OF FACTS.

The State Bank of Siloam Springs sued Robert H. Els and F. H. Carpenter to recover $788.24 alleged to be the amount of a check alleged to be due plaintiff by defendants for a check cashed by the plaintiff, together with protest fees and the accrued interest. The defendant Carpenter denied liability.

According to the testimony of W. L. Lineback, he was the cashier of the plaintiff bank, and in March, 1919,

Robert H. Els came into the bank and presented a check to be cashed, signed by C. H. Harris, drawn on the Mc-Ilroy Banking Company of Fayetteville, Arkansas, and payable to R. H. Els. The check came back in seven or eight days protested for nonpayment, and the protest fees amounted to $3.85.

According to the testimony of Robert H. Els, he cashed the check in question at the bank of the plaintiff and got $20 in money and a cashier's check for the balance, $680. With the balance he paid a bill of the defendant, F. H. Carpenter, for $200, and deposited the balance in a bank to the credit of Carpenter. At the time the plaintiff cashed the check he told the cashier that the check was for cattle which had been sold to Harris, the drawer of the check. The witness had known F. H. Carpenter for about twenty years and had lived with him in Texas. When the witness' wife died, Carpenter sent him up to his farm in Benton County, Ark., to run it, and sent about ten head of cattle to the farm at the same time. It was the understanding that Els should have one-half of the increase of the cattle. Carpenter furnished the money with which to run the place. Els had been on the place about ten years when the transaction in question occurred. Els was accustomed to drawing checks on Carpenter when he needed money with which to run the place. They usually divided the cattle when they sold them. On the occasion in question Els took twenty-one head of the cattle and sold them as his own. He considered them as his part of the cattle and the purchase money as belonging to himself. Els said nothing to Carpenter about taking out any of the cattle and selling them as his own. Carpenter knew nothing about the transaction until it was over. Els left a like number of cattle on the place as Carpenter's share. Els sold the cattle to Harris as his own, and the plaintiff bank cashed the check given by Harris for the purchase price. Els paid a debt of Carpenter's for $200 with part of the proceeds and deposited the balance in a bank in Carpenter's name

because he owed Carpenter that amount of money. Carpenter did not have any interest in the proceeds of the cattle.

Carpenter was a witness for himself, and testified that he had no interest whatever in the cattle sold to Harris or in the proceeds thereof.

The jury returned a verdict in favor of the plaintiff against both the defendants. The defendant, Carpenter, alone has prosecuted an appeal to this court from the judgment rendered.

*Rice, Rice & Elrod,* for appellant.

Instruction No. 1 given on the court's own motion was erroneous, as it refers to the cattle as partnership cattle. There were no pleadings or proof as to the partnership. A share-cropper is never a partner. 39 Ark. 280; 44 Ark. 427. The instruction also refers to Els being the agent of appellant. The proof was to the contrary. The instruction was further erroneous because it told the jury that if appellant had received an interest in the proceeds of the check by reason of having a beneficial interest in the cattle, they should find against him.

*A. L. Smith,* for appellee.

Appellant's objection as to the pleadings on the question of partnership should have been made by motion to make more definite. Pleadings will be treated as amended to conform to the proof. 98 Ark. 529; 91 Ark. 292; 98 Ark. 312; 97 Ark. 576, and other cases cited in brief. His specific objections to instruction No. 1 were not made at the proper time. The motion for new trial cannot serve this purpose. 104 Ark. 409; 84 Ark. 81; 103 Ark. 391; 126 Ark. 567; 128 Ark. 559.

Participation in profits of an enterprise is conclusive of a partnership, where the rights of third parties are involved, unless there are some circumstances altering the nature of the contract. 63 Ark. 518, and cases cited; 145 U. S. 611.

There was sufficient testimony to establish agency on the part of Els. 227 S. W. (Ark.) 753; 169 S. W. 967; 65

Ark. 385. One who deals with an agent for an undisclosed principal may treat the after-disclosed principal as the person with whom he contracted. 44 Ark. 367; 50 Ark. 433; 8.7 Ark. 374.

Hart, J., (after stating the facts). It is first contended by counsel for the defendant that the judgment should be reversed because the complaint does not allege or attempt to allege any partnership relation in the cattle between Els and Carpenter. We cannot agree with counsel in this conclusion. The complaint alleges that said defendants are engaged in raising, buying, and marketing cattle and other live stock; that Els, acting for and on behalf of. the defendant Carpenter and himself, sold to C. H. Harris cattle belonging to the defendant Carpenter and received from him a check for $700, which was cashed by the plaintiff bank. This allegation is sufficient to allege a partnership between Els and Carpenter in raising the cattle. According to the testimony of Els, the original stock of cattle amounting to ten head belonged to Carpenter, and Els was to have one-half of the increase. His testimony is in accord with the allegation of the complaint, and the complaint in effect alleges a partnership between Els and Carpenter in the increase of the cattle of the original herd. Hence it cannot be said that the case was submitted upon proof at variance with the allegations of the complaint.

It is next insisted that the verdict is not supported by the evidence. This is a very close question, but we are of the opinion that the evidence, together with all legal inferences that might be drawn from it, warranted the jury in returning a verdict for the plaintiff.

It is true that, according to the testimony of Carpenter himself and that of Els, the jury might have returned a verdict for Carpenter. It is fairly inferable from the evidence that the cattle sold to Harris were partnership cattle. The bare statement of Carpenter and that of Els to the effect that such was not the case does not overcome the inference deducible from the attending circumstances,

Els and Carpenter were to share equally in the increase of the cattle. They usually divided the cattle when they sold them. The cattle in question had not been set apart to Els by any agreement with Carpenter at the time he sold them. Els took the proceeds and paid a debt of Carpenter with $200 of the amount and deposited the balance to the credit of Carpenter. These circumstances speak for themselves and tend to show that the cattle sold were partnership cattle, and it cannot be said that the undisputed evidence showed that they belonged to Els.

Again, it is insisted that the court erred in giving instruction No. 1, which is as follows:

"If you find from a preponderance of the evidence that the check given by C. H. Harris to R. H. Els on the McIlroy Banking Company was not paid by McIlroy Banking Company or by any one for it, and you further find that the check was given for cattle belonging to R. H. Els and defendant Carpenter as partners, or for cattle belonging to F. H. Carpenter, and Els was the agent of Carpenter in making the sale, or that Carpenter had and received an interest in the proceeds of said check by reason of having a beneficial interest in the cattle, you should find for the plaintiff as against Carpenter, and in determining these issues you will take into consideration all of the facts and circumstances in evidence."

There was only a general objection made to this instruction at the time it was given. When considered in connection with the other instructions given by the court, we do not think it was misleading and prejudicial to the rights of the defendant Carpenter. In other instructions the jury was expressly told that if the cattle belonged solely to Els, and that Carpenter had no interest in them and did not receive any part of the proceeds of the check, the jury should return a verdict for Carpenter.

The court also told the jury that the mere fact that a part of the proceeds of the check was paid to Carpenter was not sufficient in itself to make Carpenter liable.

On the other hand, the jury was told that it must appear that some part of the check was paid to him by reason of his having an interest in the cattle sold before it could find for the plaintiff. The jury was also expressly told that the declaration of Els to the cashier of the bank in the absence of Carpenter could not be considered for the purpose of establishing a partnership between Els and Carpenter.

The sole issue to be determined by the jury was whether or not Els and Carpenter were interested in the cattle at the time Els sold them and cashed the check for their purchase price at the plaintiff bank.

We think that the question was fairly submitted to the jury, and that the evidence warranted the verdict in favor of the plaintiff.

The judgment will therefore be affirmed.