**BRADSHAW et al. v. SEXTON.**

No. 23824.  March 26, 1935.

Rehearing Denied May 7, 1935.

J. F. Lawrence and Randolph, Haver, Shirk & Bridges, for plaintiffs in error Bert Woodward and James Woodward.

Robert B. Keenan, J. D. Simms, and John Lander, for plaintiff in error Hazel Woodward Bradshaw.

John L. Ward, Oran N. McCain, and W. O. Craig, for defendant in error.

PHELPS, J.  Plaintiff recovered damages against each of the four defendants for injuries received when a delivery truck ran onto the sidewalk and struck her. She alleged that the defendants composed the Bradshaw Dry Cleaning Works, the servant of which was driving the truck at the time of the accident.

Plaintiff first sued defendants as a corporation and later filed an amended petition in which neither the caption nor the body specifically described the business identity of the Bradshaw Dry Cleaning Works or the status of the individual defendants, the allegations in that respect being:

"Plaintiff alleges that the defendants, Harry Bradshaw, Hazel Woodward Bradshaw, James Woodward, and Bert Woodward, were associated together operating, conducting and doing business under the name and style of Bradshaw Dry Cleaning Works, the exact nature of such association is to the plaintiff unknown, hereinafter referred to as the defendant, and by said reference at all times hereinafter mentioned specifically including the before mentioned defendants, Harry Bradshaw, Hazel Woodward Bradshaw, Bert Woodward, and James Woodward."

The defendants are described in the caption of the amended petition as "Harry Bradshaw, Hazel Woodward Bradshaw, Bert Woodward, and James Woodward, operating and doing business under the name and style of Bradshaw Dry Cleaning Works."

To this petition the defendants Bert Woodward and James Woodward filed their unverified joint answer denying generally the allegations in the petition and adding the following:

"* * * and specifically and specially deny that they or either of them were at any time associated in any way or manner in the cleaning business as in said petition alleged. Said defendants specifically deny that they or either of them were ever at any time associated with the other defendants in any business, and deny that they or either of them were ever associated with defendant Harry Bradshaw doing business as the Bradshaw Dry Cleaning Works or under any other name or designation."

In his opening statement to the jury the plaintiff's attorney stated that the allegations of the petition were self-probative of partnership and should be taken as true by reason of the failure of the above two defendants to verify their answer. Argument concerning the necessity of such verification was then had, in which it appeared that the attorney then representing those defendants was under either or both of the impressions

that a partnership was not alleged and that section 220, O. S. 1931 (287, C. O. S. 1921), does not apply except where the petition is verified. It appearing then that the plaintiff was proceeding on the theory that the defendants were a partnership, the attorney for defendants Bert Woodward and James Woodward requested permission of the court to amend their answer by verifying it. The court denied this request. Later the court excluded evidence offered·by the defendants which, if true, would have established that neither these two defendants nor the defendant Hazel Bradshaw had any business relationship as partners or in any other manner with the Bradshaw Dry Cleaning Works, and that the defendant Harry Bradshaw was the sole owner, operator, and manager thereof. The court excluded this evidence because of the fact that the allegations of the business association of the various defendants was taken as true by reason of not having been denied under oath, and that that issue was not before the court.

The jury returned a verdict against each of the four defendants, the two defendants Bert Woodward and James Woodward filed their motion for new trial, which was overruled, and they perfected their appeal to this court. The defendant Harry Bradshaw did not appeal. The defendant Hazel Bradshaw also appeals, but her situation will be considered separately, in the latter portion of this opinion.

Let us now discuss Bert Woodward and James Woodward only, and refer to them as defendants. Their contentions may be resolved into the one proposition that the trial court committed prejudicial error by abusing its discretion in refusing to permit the defendants to amend their answer by verifying it.

There is much meritorious argument in all the various briefs of the parties in this case, but after mature consideration we have come to the conclusion, under the facts and pleadings in this particular case, that it was clearly an abuse of discretion to deny the request. In reaching this conclusion we have fully in mind the truth that trial courts in granting or refusing permission to amend pleadings are vested with a wide discretion. But that discretion is not so wide but that it has its limitations.

Section 220, O. S. 1931, reads:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

This section does not apply, for the purpose used in this case, unless the petition alleges a partnership. While that portion of the allegations consisting of the words "were associated together operating, conducting and doing business under the name and style of" would lead one to presume that the plaintiff intended pleading partnership, yet the plaintiff herself negatives such presumption by adding the words "the exact nature of such association is to the plaintiff unknown." Plaintiff urges, as authority for her contention that the allegation was one of partnership, section 227, O. S. 1931, reading:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

Plaintiff also directs our attention, for the same purpose, to the cases of Marshall v. Homier, 13 Okla. 264, 74 P. 368; Brown v. Shwinogee, 128 Okla. 149, 261 P. 920; Graham Hotel Corp. v. Leader (Tex. Civ. App.) 241 S. W. 700; Carpenter v. Siloam Springs State Bank (Ark.) 242 S. W. 824; Hotchkiss v. Di Vita (Conn.) 130 A. 668, and other cases. But in no one of those cases did the court hold that where the plaintiff had affirmatively stated in the petition that the nature of such association was unknown to the plaintiff, the plaintiff could claim the aid of such statute as we now have under consideration. Where the plaintiff uses the statute, or its effect, to take the place of his own necessary proof, he must definitely bring himself within the statute. The plaintiff urges that the trial court was correct in liberally construing the plaintiff's pleadings, in spite of the fact that those pleadings admitted that the exact nature of the defendants' association was not known. So far we agree. But plaintiff further insists that the same liberality should be denied the defendants upon their request to verify their answer and go to trial on the merits of the case. Thus the plaintiff would have the court extend her liberality, in order that the court may then be strict with the defendants. It is as if the plaintiff should say: "Be liberal with me, but be strict with the defendants; don't let them amend." The trouble with such reasoning is that it necessitates liberality with the plaintiff, in the

first place, as an essential prerequisite ·to the defendants' obligation to amend. Had these defendants filed an unverified answer denying partnership as such, it is doubtful if they could now complain, but they did not do so. They denied the allegations of business association, whatever in law that association may have been deemed to· be, in substantially the same language as was used by plaintiff. When plaintiff's attorney in his opening statement to the jury referred to the defendants as a partnership it was the first time that word had been used between these parties, in the pleadings or otherwise. We hold that until the plaintiff clearly and definitely pleads a partnership she cannot invoke the aid of the statute to supplant the evidence which it is her duty to furnish. Where a party relies on a statutory substitute for evidence he must be sure that he has first placed himself clearly in a position entitling him to that aid. He cannot sit back and rely on an indefinite allegation in his petition, and then for the first time at the trial of the case claim that the allegation is definite, and thereby technically enmesh his opponent in a situation which he himself has helped create. Especially is this true where the proffered proof of the defendants would, if true, entirely absolve them from all liability.

In the plaintiff's brief it is said that the amendment would have changed the issues, in that she came to trial relying on the defendants' implied admission of partnership arising from the failure to verify. But we repeat that if plaintiff relied on the statute to eliminate that issue from the controversy, she should have first, by her own pleadings, clearly· brought the case within the statute. If her failure to clearly invoke the aid of the statute was due to a lack of knowledge of the facts concerning the business relationship of the defendants, she could have taken the depositions of the defendants prior to the trial, even against their will. Ex parte Abbott, 7 Okla. 78, 54 P. 319. But we emphasize that such extreme measures are seldom necessary, and that for general purposes the plaintiff's allegation would have been sufficiently definite. However, when the plaintiff alleges that the exact nature of such business association or relationship is unknown, as in this case, he cannot deny to defendants the opportunity to present evidence on the very question which has been puzzling him. The allegation invites evidence. Indefiniteness is sometimes excusable, but we cannot put a premium upon it. It never should be so honored as to prevent another party from being definite. The most that can be said for plaintiff's allegation is that it said there may be a partnership, but that plaintiff was not being bound to that theory. It then logically follows that neither should the defendants be bound to that theory, unless the defendants, in answering, treat it as such, or the evidence develop the fact.

Plaintiff also contends that, inasmuch as defendants did not seek to amend by denying agency under. oath, the allegation of agency must be taken as true, regardless of whether a partnership existed. In other words, that the driver shall be considered as the servant of each of the defendants as an individual. But in the petition it is alleged that the driver was "then and there the servant and employee of the defendant Bradshaw Dry Cleaning Works," which is not an averment of agency for the individuals, but is an allegation that he was the servant of the business, regardless of whether it was a partnership, corporation, association, stock company, business trust, or any other form of business association. The admission of agency by filing an unverified denial goes only to the character of the agency alleged. St. John v. Ivers, 124 Okla. 215, 255 P. 706.

Plaintiff further urges that in view of section 226, O. S. 1931, the answer could not have been verified even if the request had been granted. That section relates to verification by attorneys and sets forth only four circumstances under which said verification is permitted. These two defendants were absent from the trial. For all that the record shows, their absence may have been unavoidable, or the defendants may have been absent from the county, in which latter case the attorney would have been authorized under paragraph 4 of said section to· verify the answer. We cannot presume that defendants were designedly absent; it is sufficient that an attorney represented them in the trial. If the testimony of the defendant Harry Bradshaw had been permitted, to the effect that he was the sole owner of the business, then in the absence of proper rebuttal by the plaintiff the personal presence of Bert and James Woodward may not have been necessary to the defense.

After these two defendants' motion for new trial was overruled, and during the same term of court, they filed a motion to vacate the judgment, which motion was overruled. They appealed from that order to this court, and the proceedings on their motion to vacate and also the proceedings

in the original trial are before this court in the same case made and on the same appeal. Plaintiff then filed a motion praying this court to dismiss the said appeal as being duplicitous, and in her brief calls our attention to the case of Key v. M., K. & T. Ry. Co., 135 Okla. 52, 274 P. 672, wherein we set forth the principle that where a party undertakes by one appeal upon one petition in error and one case-made to review two or more judgments, this court will dismiss such attempted appeal for duplicity. The rule of this court to dismiss for duplicity is not an absolute and unvariable rule; where the two judgments relate to the same matter and are not so foreign to each other that their combination in the same petition in error, and in the briefs, causes confusion, we see no reason why we should necessarily dismiss for duplicity.

We now consider the appeal of Hazel Bradshaw, who from a procedural viewpoint is in a different situation from the other defendants. Neither she nor her attorney, who had filed an unverified answer denying that she was a partner, was present. Further, she failed to file motion for new trial within three days after the rendition of the judgment. Subsequently, however, she did file her motion to vacate the judgment, in the same term of court. That motion was overruled and, in the same case-made and appeal as the defendants Bert and James Woodward, she filed her petition in error herein, and appeals from the order overruling her motion to vacate the judgment.

In ordering that the new trial made necessary as to the defendants Bert and James Woodward shall be extended to include a new trial for this defendant, we do not hold that one may sleep on his rights, entirely ignore the trial, fail to file motion for new trial, and thereafter successfully contend that the trial court was guilty of abuse of discretion in refusing to vacate the judgment. Such is not our intention. But in the instant case, if the trial court had permitted the other defendants to amend by verifying, the evidence of those defendants would probably have **affirmatively** disproved plaintiff's **right** to a judgment against all or any of the appealing defendants. The record would have shown on its face that plaintiff was not **entitled** to a judgment against this particular defendant, regardless of her presence or absence. In other words, we have held that it was error for the trial court to exclude the testimony of Harry Bradshaw that he was the sole owner and operator of the business, and that no other

person (including this defendant) had any business relationship with him. Had he been permitted to so testify, the effect of said testimony probably would have presented a set of facts making it apparent that plaintiff was not entitled to a judgment against Hazel Bradshaw, even though she was absent from the trial. Under such circumstances, it would be inconsistent to grant Bert and James Woodward a new trial and deny the same to Hazel Woodward Bradshaw. Since it has error to exclude the aforesaid testimony of Harry Bradshaw, which testimony probably would have affirmatively disproved the liability of the defendant Hazel Bradshaw, even in her absence, we conclude that under the peculiar circumstances of this particular case the defendant Hazel Bradshaw should be granted a new trial.

Accordingly, the judgment as against all three of the said defendants is reversed and the cause remanded for a new trial.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.