STATE ex rel. WESTERHEIDE et al.
v. SHILLING, Dist. Judge.

No. 30573. March 10, 1942.

*123 P. 2d 674.*

Champion & Champion, R. Rhys Evans, and Geo. N. Otey, all of Ardmore, for plaintiffs in error.

W. W. Potter and Dolman, Dyer & Dolman, all of Ardmore, for defendant in error.

HURST, J. This is an original proceeding in this court for a writ of mandamus. It involves two questions: (1) The right of a party to a pending civil action to take the deposition of the opposite party, and (2) the right of relators to a writ of mandamus against the respondent district judge, who had consented to preside over the taking of the depositions, but had refused to compel the defendant to give his deposition.

Sophia G. Westerheide et al. sued Paul S. Frame et al. in the district court of Carter county. After summons was served on Frame, plaintiffs duly served notice to take depositions before the respondent as district judge. Respondent as district judge of Carter county assumed jurisdiction to act as an officer in taking the depositions and issued a subpoena for Frame to appear as a witness at the time and place specified in the notice. Frame appeared pursuant to the notice and subpoena and objected to giving his deposition because (1) it was not being taken in good faith, (2) the plaintiffs did not intend to use it at the trial, (3) they did not intend to be bound by Frame's testimony, (4) Frame is a resident of Carter county, is in good health, has no intention of leaving the county or state, and is a necessary witness and his defense cannot be maintained without his testimony, and (5) plaintiffs are merely seeking to ferret out in advance the evidence that the defendants may introduce at the trial. In response to such objections, relators denied they were not acting in good faith, and asserted that the statute gives them the right to take the deposition, that they do not have to agree to be bound by or use the deposition at the trial, and that Frame's testimony might save time and expense in taking other depositions and aid in preparing for trial. Respondent sustained the objections and refused to require Frame to give his deposition, stating that "there is no right to take a deposition unless there is a right to use it," and referred to the attempt to take Frame's deposition as a "fishing expedition."

1. The arguments here as to the right to take the deposition are in line with the contentions made before respondent, above outlined. Relators rely on the terms of the statutes and some of our prior decisions, while respondent relies on some of our prior decisions and Kansas decisions rendered prior to the adoption of our Code from Kansas as well as on subsequent Kansas decisions. Because of the importance of the question and the unsatisfactory state of the decisions on the question, we assumed original jurisdiction.

12 O. S. 1941, § 434, provides:

"Either party may commence taking testimony by deposition at any time after service of summons upon the defendant."

12 O. S. 1941, § 383, provides:

"Any party to a civil action or proceeding may compel any adverse party or person, for whose benefit such action or proceeding is instituted, prosecuted or defended, at the trial, or by deposition, to testify as a witness in the same manner, and subject to the same rules, as other witnesses."

The parties refer us to no other statutory provisions referring to the right to *take* the deposition of an adverse party, and we know of none other than 12 O. S. 1941, § 390, which provides that a witness may not be compelled to

give his deposition out of the county of his residence or where he may be served with subpoena. They do refer us to 12 O. S. 1941, §§ 433, 447, that have to do only with the right to *use* the deposition of a witness at the trial. It is the view of the respondent that the right to take the deposition of a witness is dependent upon the right to use it at the trial, and upon the good faith intention of the party taking it to use it at the trial and to be bound by it. We do not agree.

At the time of the adoption of our Code from Kansas in 1893, the Kansas court had not uniformly construed and applied the statutes. In the case of In re Abeles (1874) 12 Kan. 451, in an opinion by Justice Brewer, it was said that the giving of testimony by deposition "is not a privilege of the witness but a right of the party," and it was further said:

"It is also said that this permits one to go on a 'fishing expedition' to ascertain his adversary's testimony. This is an equal right of both parties, and justice will not be apt to suffer if each party knows fully beforehand his adversary's testimony."

In the case of In re Davis (1888) 38 Kan. 408, 16 P. 790, without referring to the Abeles Case, it was held that the defendant seeking to take the deposition of Davis, plaintiff in the action, was guilty of oppression and abuse of process, and Davis, who had refused to give his deposition a second time and was imprisoned for such refusal, was released on a writ of habeas corpus. Some language, not necessary for the decision, is used that is contrary to the Abeles opinion. The justice of the result reached cannot be doubted, as Davis had already given his deposition, and the defendant was seeking to flagrantly oppress him and abuse the right to take his deposition by requiring him to give his deposition twice more at widely separated places. In the case of In re Cubberly (1888) 39 Kan. 291, 18 P. 173, the Davis Case was followed, and the Abeles Case was not mentioned. In

the case of In re Merkle (1888) 40 Kan. 27, 19 P. 401, the court cites with approval, but seeks to distinguish, the Abeles and Davis Cases, follows the Abeles Case, but uses some language that seems contrary to it. The opinions in the Davis and Cubberly Cases do not refer to the statutes, while those in the Abeles and Merkle Cases do. In view of the conflict between said decisions, it cannot be said that our Territorial Legislature is presumed to have adopted any construction placed upon the statutes by the Kansas courts. Smith v. Baker, 5 Okla. 326, 49 P. 61; 59 C. J. 1064; Domestic Block Coal Co. v. De Armey, 179 Ind. 592, 102 N. E. 99. The later Kansas decisions recognize the lack of harmony in said decisions, but follow the rule of no absolute right to take the deposition of the adverse party under the doctrine of stare decisis. Long v. Prairie Oil & Gas Co., 135 Kan. 440, 10 P. 2d 894; Ross v. Kansas City Pub. Service Co., 151 Kan. 132, 98 P. 2d 153.

In Ex parte Abbott (1898) 7 Okla. 78, 54 P. 319, our Territorial Court in a habeas corpus proceeding construed said statutes and held that a party who is called as a witness by his adversary "stands precisely as another witness in relation to that suit, with the same rights and duties, neither more nor less," and the fact that the party whose deposition is sought resides in the county where the action is pending, is in good health, contemplates no prolonged absence from the county, and expects to be present at the trial "is not made an exception to the right of a party to a suit to have his deposition taken." It was further held that the sections restricting the right to use depositions "do not affect the question of the right to take the deposition." The opinion does not refer to the Kansas decisions, perhaps because of the lack of harmony above noted, but cites with approval Ex parte Priest, 76 Mo. 229, which fully supports the rules of law stated and the conclusion reached. The Abbott decision on the right to take the deposition of the opposite party has been cited with approval in Landon v. Morehead, 34

Okla. 701, 126 P. 1027; Tootle v. Payne, 82 Okla. 178, 199 P. 201; Cooke v. Coronado Oil Co., 112 Okla. 240, 240 P. 739; Bradshaw v. Sexton, 172 Okla. 204, 44 P. 2d 80.

In Guinan v. Readdy, 79 Okla. 111, 191 P. 602, relied on by respondent, some dictum is found in the form of a quotation from In re Davis, above, which is contrary to the rule stated in the Abbott Case. The Abbott Case was not mentioned. Respondent also relies on some language in the statement of the Abbott Case that "a showing was made in behalf of the plaintiff of good faith, and that the depositions were intended to be used upon the trial of the action," and contends that this finding was vital to the case. If, by this language, the court meant to intimate that a party must show good faith and an intention to introduce the deposition before he would be entitled to take it, we disapprove the language for the reasons hereinafter stated.

The right to take depositions in law actions did not exist at common law, but is a creature of statute. 8 R.C.L. 1131, §2; 18 C. J. 606; 16 Am. Jur. 700, §3; 26 C. J. S. 808, § 3. In determining the right to take and use depositions we are governed by the provisions of the statutes. In some statutes various limitations are placed on the right to *take* the deposition of particular witnesses. See, for instance, Olson v. District Court, 93 Utah, 145, 71 P. 2d 529, 112 A.L.R. 438; 18 C. J. 612-617; 16 Am. Jur. 701, § 7. In Moore's Federal Practice, vol. 2, p. 2457, in discussing Rule 26 of the New Federal Rules, it is pointed out that there are two types of statutes, one type for discovery as well as for use at the trial, the other type only for use at the trial. Ours is of the first type, as are those of most of the states. Our statutes do not specify the reasons justifying the taking of depositions.

In Kelly v. C. & N. W. Ry. Co., 60 Wis. 480, 19 N. W. 521, referring to a contention similar to that made by respondent herein, it was said:

"To hold, as urged, that such examination must be limited to cases where discovery might have been had in equity under the old practice, would be, as it seems to us, a perversion of the statute as it now exists. It would be the interpolation of an exception not warranted by the letter or spirit of the statute."

In Hill v. Thomas B. Jeffery Co., 292 Ill. 490, 127 N. E. 124, the court had under consideration a statute giving the right to take the deposition of witnesses residing in the state but more than 100 miles from the place of holding court where the cause is pending, and a statute substantially the same as 12 O. S. 1941, §383, above quoted. The plaintiff refused to give his deposition and was placed in jail for contempt. He appealed and set up similar grounds for refusing to testify to those Frame urges here. The Supreme Court of Illinois referred to the two lines of authorities, the one represented by the Kansas decision in the Davis Case, above, and the other represented by Wheeler v. Burckhardt, 34 Ore. 504, 56 P. 644, and held that so long as the party is "within the terms of the law there is no authority for the investigation of his motives."

In Wheeler v. Burckhardt, above, the Oregon court, in answer to the argument that "such a method of preparing for the trial would be tantamount to a fishing excursion for evidence to support a doubtful cause," said that the objection should be addressed to the Legislature.

The sections governing the right to take depositions, the procedure for taking them, and the right to use them, are found in the Code of Civil Procedure. It was the purpose of the Legislature in adopting the Code to eliminate the technicalities, hardships, and hazards of common-law procedure by simplifying pleading and practice so as to avoid or minimize surprises and pitfalls. St. Louis & S. F. Ry. Co. v. Yount, 30 Okla. 371, 120 P. 627; 49 C. J. 32, § 2. After all, the purpose of the parties to an action in court should be to ascertain

the truth and see that justice is done and that the right party prevails. This purpose will best be served by giving a liberal construction to the provisions of the Code as we are directed to do (12 O. S. 1941, § 2) and by applying the sections here involved according to their normal meaning, and by avoiding a strained construction of, or the imposition of conditions not warranted by, the language used. No doubt one purpose in permitting either party to commence taking depositions as soon as summons is served on the defendant is to make the depositions available for use in joining issues and in preparing for trial as well as for use at the trial. If it had been intended that they be taken only for use at the trial, the Legislature would probably have provided that they could be taken only after the issues are made up. It has been well said that "a suit at law is neither a surprise party nor a guessing contest, but an attempt to further justice." Jones' Commentaries on Evidence (2d Ed.) § 2048. And it would ordinarily clarify the issues and shorten the trial if each party knew in advance what his adversary is going to testify to, and, as Justice Brewer said, "justice will not be apt to suffer" if each party has such knowledge.

We conclude that the statutes are plain and need no construction. The courts have no right to make exceptions not contained in the statutes. The right to *take* the deposition is not limited by the restrictions on its *use*. The result is that each party may, after summons is served on the defendant, take the deposition of the opposite party without first establishing his motive in taking it, or agreeing to be bound by his testimony or to use it at the trial, and it is not material whether the opposite party resides in the county, is in good health, does not intend to leave the county or state, or intends to be present at the trial. The fact that relators may have had a threefold purpose in taking the deposition of Frame (to aid in further pleading, to aid in preparing for trial, and to use at the trial if favorable)

does not detract from their right to take the deposition.

The record here shows no oppression or abuse of process such as was shown in the Davis Case, above, and we are not concerned with the right of a court to prevent the abuse of process in actions pending in such court and express no opinion thereon.

The language found in Guinan v. Readdy, above, in conflict with this opinion, is disapproved.

Our conclusion not only carries out the letter and spirit of the provisions of our Civil Code, as construed in our prior decisions, but it is also in harmony with the best current legal thought of the country as is demonstrated by the adoption of Rule 26 of the New Federal Rules, which authorizes the taking of depositions "for the purpose of discovery or for use as evidence in the action or for both purposes." It is also in accord with the purpose of our statute allowing inspection of documents in possession of the adverse party (12 O. S. 1941, §§ 482, 483) as well as our statutes authorizing the perpetuation of evidence. See 12 O. S. 1941, §§ 531, 537.

2. We are committed to the rule that "mandamus is a special proceeding addressing itself to the equity powers and conscience of a court or judge, for the enforcement of a clear legal right, for which the law provides no adequate proceeding." Feuquay v. McAlister, 102 Okla. 164, 228 P. 487. See, also, Excise Board v. School District, 156 Okla. 261, 10 P. 2d 643; State ex rel. Dabney v. Johnson, 122 Okla. 241, 254 P. 61; State ex rel. Reirdon v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488. It follows from what we have said that relators had the clear legal right to have the deposition of Frame taken, and it was the clear legal duty of respondent to require Frame to testify by deposition after having entered upon the performance of such duty. When a district judge assumes the duty to take depositions as authorized by 12 O. S. 1941, § 435, he is in the same po-

sition and is bound by the same rules as any other officer authorized to take depositions. Relators have no plain and adequate legal remedy to secure such deposition. In fact, it appears in the record and briefs that the county judge had likewise refused to require Frame to give his deposition.

Writ granted.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. GIBSON, J., dissents. DAVISON, J., absent.