CENTRAL SURETY & INSURANCE COR-
PORATION, Plaintiff in Error,

v.

L. C. KELLEY, Arnote, Arnote & Bratton,
a co-partnership composed of James S.
Arnote, Walter J. Arnote and James B.
Bratton, and James S. Arnote, Walter J.
Arnote and James B. Bratton, individual-
ly, and John A. Allford, Defendants in
Error.

No. 37932.

Supreme Court of Oklahoma.

May 20, 1958.

Rehearing Denied July 15, 1958.

Hanson & Green, Oklahoma City, for
plaintiff in error.

Arnote, Arnote & Bratton, McAlester,
for defendants in error.

PER CURIAM.

This appeal by plaintiff in error, plaintiff
below, is from an order dissolving a tem-
porary injunction. The parties will be re-
ferred to by their trial court designation.

Plaintiff has issued a binder of fire in-
surance to defendant Kelley covering cer-
tain described vehicles. Defendants Arnote,
Arnote, and Bratton are attorneys for de-
fendant Kelley in an action against plain-
tiff that is pending in the District Court of
Pittsburg County, the county of their resi-
dence and in which the fire loss occurred,
to recover for a loss sustained which it is
claimed is covered by the insurance.

In plaintiff's petition in the instant action
it is alleged that the action in Pittsburg
County was filed in June, 1957; that the
plaintiff here, defendant there, filed a motion
to dismiss in that action which was overrul-
ed; that it elected to stand on its motion
and offered to waive proof of the amount
of damage; that defendants here refused
to have judgment entered stating that they

wished to take further depositions; that on same date defendants served notice on plaintiff's counsel that the deposition of witnesses would be taken on July 11 in Oklahoma County; that this notice was cancelled; that subsequently, on July 12, defendants served plaintiff's counsel with notice of taking depositions on July 18 in Oklahoma County; that "there is no need for the defendants to take these depositions"; and that taking these depositions "is being done for the purposes of annoyance, harassment and without justifiable cause"; that such conduct subjects plaintiff to irreparable harm and damage for which it has no adequate remedy at law.

This action for an injunction was filed on the same day that the second notice to take deposition was served, and a temporary injunction was issued before service of process and without a hearing or notice to defendants. Summons in this action was served on defendants on July 18 in Oklahoma County when they appeared to take the depositions. Defendants' motion ·to vacate the injunction, which was in nature a traverse of the petition's allegations, was filed the same day, and a hearing was held on the merits of the petition immediately. At the conclusion of the hearing the court entered its order discharging the injunction. Plaintiff's petition in error alleges that the court's judgment is erroneous for these reasons: it is contrary to law; it is not supported by the evidence, and it is against the weight of the evidence. .

We have heretofore held that the right to take depositions, the procedure for taking them, and the time when they may be taken are governed by statute; that the provisions limiting the right to use depositions do not affect or restrict the right to take them; that any party may, after summons is served, compel any adverse party to testify by deposition. State ex rel. Westerheide v. Shilling, 190 Okl. 305, 123 P.2d 674. The plaintiff's petition and the evidence in this action disclose that the Pittsburg County action has not yet been terminated. Thus there is statutory authorization for taking the depositions.

Furthermore, the evidence in the record does not compel a conclusion that the trial court's judgment is clearly against the weight of the evidence. The plaintiff's offer to waive proof in the Pittsburg County action was by no means a confession of judgment on the claim, for the plaintiff's attorney expressly noted that the waiver was made only "for the purposes of this motion." The plaintiff in that action, defendant here, unless judgment be confessed, is entitled to exercise reasonable control of his action. In view of the nature of the question posed by plaintiff's dilatory motion in that action, defendant may feel that further evidence should be recorded now before proceeding to a conclusion in the trial court. Certainly plaintiff would not insist that the action will be ultimately concluded upon the entry of judgment in the trial court, for it is obvious that its intention is to perfect an appeal from that court's order on its motion. We find no warrant in the authorities cited nor in the statutes that would sustain the denial of the right to take depositions under these circumstances. This is not the type of situation which amounts to an abuse of process. The Federal Rule of Civil Procedure cited by counsel, 28 U.S.C.A. rule 30 (b), is, of course, not applicable. But if we had such a statutory rule, we note that in it the application to prevent an abuse of process is required to be directed to "the court in which the action is pending." That, too, would seem to be the appropriate forum in state practice. Ada Dairy Products Co., Inc., v. Superior Court, Seminole County, Okl., 258 P.2d 939.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.

CORN, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the

cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.