# COX v. GETTYS.

No. 5029.    Opinion Filed February 1, 1916.

(156 Pac. 892.)

1.  **CANCELLATION OF INSTRUMENTS—Forged Deed—Pleading— Evidence.** The petition, in a suit to cancel a forged deed upon the ground, among others, that it was a forgery, was in the usual form, but unverified. The answer, which was verified, contained: (1) A general denial; and (2) an allegation to the effect that on November 30, 1912, B. made, executed, and delivered to the defendant his certain deed in writing whereby he conveyed to the defendant the certain premises described in the petition of the plaintiff; that said deed was filed for record in the office of the register of deeds of Oklahoma county on December 6, 1912; that a copy of said deed is attached to the petition, marked "Exhibit A," and made a part thereof; that said B. departed this life on December 5, 1912. **Held,** that the answer was in effect a general denial of the allegation of forgery, to which no reply was necessary, and that evidence tending to establish forgery was admissible.

2.  **WITNESSES—Competency—Waiver of Objection—Transactions With Persons Since Deceased.** In a suit to cancel a deed upon the ground of forgery, the plaintiff called the defendant, who acquired title to the cause of action immediately from a deceased person, for the purpose of taking his deposition, and required him to testify in respect to certain transactions had with such deceased person. **Held,** that upon the subsequent trial the incompetency to testify imposed upon said defendant by section 5049, Rev. Laws 1910, was waived whether the deposition was ever completed and filed in court or not.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by Seth Gettys, administrator of the estate of Jonas Bedford, deceased, against Thomas L. Cox. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to grant new trial.

*H. A. Wilkinson* and *C. M. Thorp*, for plaintiff in error.

*J. L. Francis* and *Everest & Campbell,* for defendant in error.

KANE, C. J.   This was an action to set aside a deed, commenced by the defendant in error, Seth Gettys, as administrator of the estate of Jonas Bedford, deceased, against the plaintiff in error, Thomas L. Cox.   Hereafter the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the court below.   The deed involved purported to be the deed of Jonas Bedford, and upon its face shows that it was duly executed a few days prior to his death.   The petition alleges, in substance, that the property involved therein was of the value of $3,000 or $4,000, and the deed thereto was made to a stranger without any consideration; that said deed was never executed and delivered by said Bedford, but was fabricated and forged; that at the time of its execution the said Bedford was of unsound mind and incapable by reason of age, debility, and sickness, of knowing or understanding the consequences of his acts; and that said deed, if it was executed by said Bedford at all, was procured by undue influence.   The answer consisted of:   (1) A general denial; and (2) an allegation to the effect that on November 30, 1912, J. Bedford made, executed, and delivered to the defendant his certain deed in writing, whereby he conveyed to the defendant the certain premises described in the petition of the plaintiff; that said deed was filed for record in the office of the register of deeds of Oklahoma county on December 6, 1912; that a copy of said deed is attached to the petition, marked "Exhibit A," and made a part thereof; that said J. Bedford departed this life on December 5, 1912. No reply was filed by the plaintiff.   The cause was tried

to the court with the assistance of a jury. At the close of the evidence, the court submitted certain interrogatories to the jury, to the first of which, "Did the deceased Jonas, or J. Bedford, sign and execute the purported deed of conveyance to Thomas L. Cox?" the jury answered, "No." The remaining interrogatories, relating to want of consideration, testamentary capacity, undue influence, etc., required answers only in the event the first was answered in the affirmative. The jury also returned a general verdict in favor of the plaintiff, whereupon a decree was entered by the court canceling the deed as prayed for in the petition.

The grounds for reversal which we deem it necessary to notice in detail may be stated as follows: (1) The court erred in admitting any evidence to the jury upon the allegation that the deed in question was forged and was not the genuine deed of Jonas Bedford. (2) The court erred in refusing to admit the evidence of the defendant Cox on the ground that he was an incompetent witness. Other assignments of error based upon the question of want of consideration, undue influence, mental unsoundness of the grantor, etc., we deem immaterial, for the reason that the jury found that the grantor did not sign and execute the purported deed of conveyance, which finding, of course, eliminated from consideration all the other grounds upon which the deed might have been canceled.

The first ground for reversal, to wit, that the court erred in admitting any evidence on the allegation that the deed in question was forged, is based upon the state of the pleadings. Counsel for defendant contend that, the petition of the plaintiff not having been verified, and the answer of the defendant having alleged the making, execution, and delivery of the deed, to which no verified reply

was filed, there was no issue joined upon the allegation of forgery.

This would be the law if the conclusion of counsel as to the pleadings were correct. From the statement in relation to the pleadings hereinbefore made, it will be seen that the allegation of the answer to the effect that the deceased made, executed, and delivered to the defendant the deed described in the petition, and that said deed was filed for record in the office of the register of deeds of Oklahoma county, etc., constituted no more than a general denial of the allegation of forgery set up in plaintiff's petition. No reply was filed to this answer, and no reply was necessary. The general denial contained in the answer sufficiently joined the issue upon the question of forgery, and the further affirmative statements to the effect that the deceased made, executed, and delivered the deed did no more. This being so, it is clear that the first contention of counsel for defendant cannot be sustained.

The testimony of the defendant was excluded by the trial court because of section 5049, Rev. Laws 1910, which provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

That ordinarily the defendant would be an incompetent witness by virtue of the foregoing statute is conceded, but counsel say:

"The authorities are unanimous that the provisions of the statute are waived by the plaintiff calling him (the defendant) as a witness on his behalf."

The circumstances upon which this contention is based are substantially as follows: A short time after the commencement of the action, the plaintiff served notice of his intention to take the deposition of the defendant as a witness in his behalf. In pursuance of this notice, the parties appeared before the county judge. The defendant was sworn as a witness on behalf of the plaintiff, and had testified in respect to material transactions had with the deceased, when he refused to answer a certain interrogatory propounded to him. After some argument of the question involved and a threat to punish the witness for contempt he finally consented to answer the question propounded and proceed with the deposition. Thereupon the taking of the deposition was continued to some future time to be agreed upon by the parties. Thereafter the plaintiff made no further effort to complete the taking of the deposition, and thus the matter stood until the cause came on for trial. It is well settled that the competency of a witness will be waived by the adverse party calling him as a witness and examining him in respect to the transaction or communication had with the deceased person.

In most of the cases cited by counsel for plaintiff in error the incompetent witness was called by the adverse party for the purpose of taking his deposition, and the deposition was actually taken and filed in the cause, but not used. In such circumstances, as was said by the court in *Neis et al. v. Farquharson et al.*, 9 Wash. 508, 37 Pac. 697:

"It would, in our opinion, be extremely unreasonable to hold that the witness did not testify until his deposition

was read at the hearing.  He testified at the time his deposition was taken."

In another similar case (*Tomlinson, Adm'r, v. Ellison,* 104 Mo. 105, 16 S. W. 201), it was held:

"Where a party to a suit is disqualified to testify, the taking of his deposition by the adverse party constitutes a waiver of his incompetency."

In a later Missouri case (*Ess, Adm'r, v. Griffith et al.,* 139 Mo. 322, 40 S. W. 930), it was held:

"Objection was made to defendant's testimony on the ground that plaintiff's intestate was dead.  Under the statute, such defendant, being a party to the transaction in controversy, could not have testified; but, as plaintiff had taken the deposition of such defendant and filed it in the case, it was held that plaintiff had waived his right to make such objection, and that the defendant could testify in his own behalf."

And in another Missouri case (*Rice v. Waddill,* 168 Mo. 99, 67 S. W. 605), which seems to be more directly in point, it was held:

"The incompetency of the widow, in a suit to compel her husband's children to account to her for her dower interest in property conveyed by him to them during his lifetime, is waived by the taking of her deposition by the defendants, whether the same is filed in court or not."

In our opinion, the same reasoning supports the application of the doctrine of waiver to both classes of cases. As was said by Mr. Justice Gantt, who delivered the opinion for the court in *Rice v. Waddill, supra*:

"Can it differ in principle that, in this case, defendants took plaintiff's deposition, had it duly certified and thereby, in the language of counsel, 'heard what she said and that was all he wanted to know,' and then suppress the

deposition; whereas, in the cases cited, the deposition was similarly taken and filed, but not used by the party taking it? Can a party thus trifle with the machinery of the law and avail himself of it if it suits his purpose, and reject it if it does not, and yet escape all the consequences of his acts? We hold he cannot."

We are in entire accord with the views of the Supreme Court of Missouri as expressed by Mr. Justice Gantt. Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his private papers and other evidence, and then repudiate the result, if the experiment proved unsatisfactory.

Counsel for plaintiff contends, however, that, even if error was committed in the exclusion of evidence upon the question of forgery, "there was still the evidence in the case concerning which no complaint is made amply sufficient to justify the court in rendering the decision that was rendered upon the issue of mental incapacity and undue influence." We cannot agree with counsel. The decree herein was entered upon the special and general verdict of the jury; that is, upon the theory that the deceased did not sign the deed of conveyance to the defendant. Whilst interrogatories were submitted to the jury for findings upon the question of mental incapacity, inadequacy of consideration, and undue influence, the jury were only required to answer them in the event they answered the first interrogatory in the affirmative. Having answered the first interrogatory in the negative, it follows that there was no finding on the other interrogatories, and none was required. In our judgment, the evidence supporting the finding of the jury on the first interrogatory was extremely meager— sufficient, perhaps, to sustain the finding of the jury if there had been no error in the exclusion of other evidence on that

question.   But in view of the exclusion of the evidence on that point offered by defendant himself, whose competency as a witness had been waived by the plaintiff, we are not satisfied that the verdict returned has not resulted in a miscarriage of justice.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.