## Perlis v. Kuhns

*Maxwell Davison*, for plaintiff.
*John Thomas*, for defendant.

KOCH, J., January 21, 1963.—This is an action in trespass instituted for the recovery of damages arising out of a motor vehicle accident on December 1, 1960. A board of arbitrators entered an award of $1,291.43 in behalf of the plaintiff. Defendant appealed the award and following trial by jury plaintiff recovered a verdict in the amount of $1,011.63.

At the trial of the case, we permitted plaintiff to testify over the objection of defendant who contended that plaintiff was incompetent by virtue of the provisions of the so-called Dead Man's Act of May 23, 1887, P. L. 158, sec. 5, cl. (e), 28 PS §322. Our ruling that plaintiff was competent to testify was based upon the fact that defendant filed interrogatories on December 12, 1961, which were answered on January 19, 1962.

Interrogatory no. 12 is as follows: "Describe in narrative form and in detail the events leading up to and immediately following the accident alleged in your complaint, including the manner in which the accident occurred and the purpose of the motor vehicle operation on that day."

Plaintiff's answer to the foregoing interrogatory was as follows: "By way of answer to Interrogatory No.

12, the averments of the Complaint, paragraphs 5-8 inclusive, are incorporated herein by reference as fully as though set forth at length herein."

The sole question raised by defendant's motion for a new trial and judgment n. o. v. is whether the filing of the interrogatories is tantamount to a waiver of the provisions of the Dead Man's Act, supra.

This case presents a striking illustration of the unjust result which might prevail if the Dead Man's Act is applied literally. Plaintiff was unaccompanied by a passenger and he was unable to produce any independent witness to the obvious negligent night-time driving of defendant. We believe it is this type of extreme hardship on surviving parties which has prompted the efforts of many members of the Pennsylvania Bar in recent years to induce the legislature to repeal the Act of 1887. We recognize, of course, that we have no power to legislate, but in the exercise of our right to construe legislation the harshness of a statute should receive careful consideration.

We are of the opinion that the taking and filing of plaintiff's interrogatories rendered him a competent witness. In this view we are supported by Henry, Pennsylvania Evidence, Vol. 2, §765, where the following appears:

"Calling an opponent to testify makes him competent for himself in any subsequent trial of the same proceeding providing the issues and the parties are the same. *The rule applies also where depositions of an opponent have been taken. . .*" (Italics supplied.)

No Pennsylvania appellate court decision determining the precise question has been called to our attention. We do, however, have the benefit of the well reasoned decision of Sarnoski v. Beadling, 28 D. & C. 2d 1, where the court held that the taking of a deposition of a party rendered him competent under the Dead Man's Act.

Our conclusion that plaintiff became competent is also supported by the principle that under the Act of 1887 competency is the rule and incompetency the exception: Pattison v. Cobb, 212 Pa. 572.

Our research reveals that many jurisdictions have ruled that the taking of a deposition of a witness with respect to transactions with a deceased party constitutes a waiver of the incompetency: 159 A. L. R. 411. Some courts have taken the view that the *taking* of the deposition amounts to a waiver although the deposition is never filed or not used in evidence by the party taking it: 58 Am. Jur., Witnesses, §360. See also 97 C. J. S., Witnesses, §243.

We concur with the reasoning of the Supreme Court of Oklahoma in Cox v. Gettys. 53 Okl. 58, 156 Pac. 892, where it was said: "Any other construction of the statute would enable one party to search the conscience of his adversary, draw to light his private papers and other evidence, and then repudiate the result, if the experiment proved unsatisfactory."

### Order

Now, January 21, 1963, defendant's motions for a new trial and judgment n. o. v. are denied and judgment for plaintiff, Seymour Perlis, may be entered against defendant, Raymond Kuhns, deceased, in the amount of $1,011.63 with interest from June 11, 1962.