## Moss v. Klebanoff

*Reese A. Davis*, for plaintiffs.

*Louis C. Bechtle*, for defendant.

DITTER, J., May 26, 1967.—This is an action in assumpsit brought to recover rent under an agreement which provided for payments based on a percentage of a business' gross receipts. At the present stage of the proceedings, two questions are raised: plaintiffs' right to amend their complaint and defendant's right to have answers to certain interrogatories.

In 1941, Warren Moss, now deceased, leased certain premises to defendant, David Klebanoff, for use as a drug store. The lease provided for a minimum monthly payment plus an additional amount based on the gross income of the store. Present plaintiffs are the execu-

tors and trustees of the estate of Warren Moss and his surviving joint tenant.

Plaintiffs' original complaint sought an accounting of gross sales and receipts so that annual rentals, which were allegedly to be based upon these figures, could be computed. After the pleadings were closed, plaintiffs petitioned, under Pennsylvania Rule of Civil Procedure 4009(1), for leave to inspect and copy defendant's books and business records.

The first matter for our consideration is plaintiffs' desire to amend their complaint to eliminate from it their demand for an accounting. Ordinarily, this would be a routine matter, since plaintiffs admittedly no longer need the information which they originally demanded. The right to amend pleadings should be liberally granted unless prejudice will result to the adverse party. The Pennsylvania Rules of Civil Procedure embody this modern philosophy of jurisprudence by allowing amendments to simplify issues and achieve justice.

Defendant argues, however, that plaintiffs' prayer to amend is founded upon reasons other than those indicated. Under the Dead Man's Rule, the Act of May 23, 1887, P. L. 158, sec. 5, 28 PS §322, a surviving party to a contract may not testify against the interests of a decedent as to any matter which occurred prior to his death unless the rule is waived. One method of waiver is the subjecting of the survivor to discovery proceedings.

Defendant maintains that as the pleadings now stand, plaintiffs cannot use the information they have obtained from his books without revealing at trial that it is the product of discovery. Thus, defendant would be rendered competent to testify as to these matters. On the other hand, if plaintiffs are allowed to amend their complaint, defendant would be required to admit by answer the accuracy of the various

dollar amounts involved, and plaintiffs would not be required to divulge at trial that discovery procedures had been utilized. It is defendant's fear that, under those circumstances, he could not then testify in explanation of the issues raised. Defendant maintains that it is unfair to use one hand of the judicial process to pry open a litigant's mouth if another will then be clapped across it to keep him from defending himself. Nevertheless, we feel that the amendment should be permitted and that defendant's apprehensions are without foundation, because in our judgment plaintiffs have already waived the provisions of the Dead Man's Rule.

The procedure utilized by plaintiffs to inspect tangible things under Pa. R. C. P. 4009 is but one of several adopted in 1954 to permit pretrial discovery. Written interrogatories to adverse parties are allowed under Pa. R. C. P. 4005. Pa. R. C. P. 4007 provides for depositions, while physical and mental examinations are permitted under Pa. R. C. P. 4010. Discovery and inspection is limited by Pa. R. C. P. 4011.

The competency of a surviving party to a transaction does not depend upon the use of depositions or interrogatories at trial. He is rendered competent by the fact that discovery procedures have been employed to gain information from him: Perlis v. Kuhns, 202 Pa. Superior Ct. 80 (1963), holds that one who uses *interrogatories* for the purpose of pretrial discovery renders a surviving party competent to testify at trial even though the answers are not offered in evidence. The Perlis case is approved in Anderson v. Hughes, 417 Pa. 87 (1965), which states that the *taking* of an adverse party's deposition renders him competent to testify despite the Dead Man's Rule.

We feel that the same reasoning which applies to interrogatories under Pa. R. C. P. 4005 and depositions under Pa. R. C. P. 4007 applies to inspection

under Pa. R. C. P. 4009. In other words, we hold that when one who represents the interests of a decedent inspects his opponent's books and other items referred to in Pa. R. C. P. 4009, he renders his adversary competent to testify as to matters pertaining thereto. As it is pointed out in the Perlis case, supra, at page 84:

"The very use of depositions or interrogatories requires the adverse party to give testimony in a way sanctioned by the Pennsylvania Rules of Civil Procedure . . . This is the equivalent of placing him on the witness stand. As stated in Cox v. Gettys, supra,* and quoted by the court below: 'Any other construction of the statute would enable one party to search the conscience of his adversary, drag to light his *private papers and other evidence,* and then repudiate the result, if the experiment proved unsatisfactory' ". (Italics supplied.)

Since the amendment proposed by plaintiffs will not bar relevant testimony by defendant under the Dead Man's Rule and will thus not prejudice him, the amendment should be allowed.

We turn now to the other matter for consideration: the interrogatories propounded by defendant to plaintiffs.

The complaint alleges occupancy from September 1, 1944, to December 12, 1962, under a lease and several extensions of its terms. It is also averred that defendant was required to furnish certain statements to plaintiffs' decedent concerning gross receipts. These statements were to form the basis of additional rentals according to a formula contained in the lease.

Defendant's interrogatories request information from plaintiffs as to these statements, when payments of rent were made and in what amount, when inspections on behalf of the landlord were made, and the de-

---

* 53 Okla. 58, 156 Pac. 892 (1916).

tails of certain maintenance and repair work on the premises. The interrogatories cover the entire period of defendant's occupancy, that is, from September 1, 1944, to December 12, 1962.

Plaintiffs object to the furnishing of this material, on the grounds that it is sought in bad faith, requires information that is not relevant, will not substantially aid defendant in the preparation of his case and will cause unreasonable annoyance, expense and oppression to plaintiffs. Plaintiffs point out that defendant prepared the statements and paid the rent and, therefore, should know the things he seeks from them.

The mere fact that defendant was once in possession of this information does not mean he still has it. If not, his preparation for trial will be aided substantially by its being furnished to him. Therefore, his demand does not necessarily indicate bad faith. At the present stage of the proceedings and with the information at hand, we cannot decide whether the data defendant demands will be relevant or not. We refuse to rule that it has no relevancy.

We do believe, however, that to require plaintiffs to furnish records that extend all the way back to 1944 would place an unreasonable burden and expense upon them. Accordingly, we will restrict the scope of defendant's inquiry to the period from September 1, 1952, to December 12, 1962. This period covers the last two extensions of the original lease, and we feel it will not unduly burden plaintiffs to supply to defendant the material he requests.

There is one final thing to be said in this case. The matters before us for decision required an inspection of the pleadings, particularly the complaint and its supporting papers. These exhibits cannot be read. Modern day copying machines, like most other inventions, can be used improperly if sufficient effort is directed toward that end. If they cannot produce clear

copies, they should not be used at all, and, in any event, the documents which become part of a case should not be a hopeless jumble of illegibility. In view of the fact that an amended complaint is to be filed, plaintiffs are ordered to furnish legible copies of their exhibits as a part of it.

And now, May 26, 1967, plaintiffs' prayer for leave to amend their complaint is hereby granted, and plaintiffs' objections to defendant's interrogatories are sustained, but only insofar as they pertain to periods prior to September 1, 1952.