Alice J. DAVIS a/k/a Alice Davis, Appellant,

v.

Emma Sue DAVIS, Administratrix, Estate of Jack Walton Davis, Deceased, Appellee.

No. 46941.

Supreme Court of Oklahoma.

June 3, 1975.

**916**

Jack Durrett II, Durrett & Johnson, Tahlequah, for appellant.

Tony Jack Lyons, Lyons & Dean and Larry D. Stuart, Pryor, for appellee.

Oklahoma Trial Lawyers Assn. Inc., Robert L. Shepherd, Tulsa, amicus curiae.

IRWIN, Justice:

Presently, the law in Oklahoma is that if an adverse party deposes a party, incompetent to testify under 12 O.S.1971 § 384 [Oklahoma's Dead Man's Statute], the adverse party waives the incompetency of the deposed party and the protection afforded by the statute. Dean v. Jelsma, Okl., 316 P.2d 599 (1957), cert. den., 355 U.S. 954, 78 S.Ct. 539, 2 L.Ed.2d 530 (1958), reh. den., 356 U.S. 928, 78 S.Ct. 714, 2 L.Ed.2d 759 (1958). Also see Cox v. Gettys, 53 Okl. 58, 156 P. 892 (1916). In the instant case the Court of Appeals followed the above rule of law. On certiorari, appellee requests this Court to reconsider the above rule of law and to modify or vacate our holding in Dean and Cox, supra.

Appellant brought an action against the administratrix of her son's estate (appellee) for the recovery of a six thousand dollar ($6,000.00) loan allegedly made to her son on December 9, 1971, along with the seven and one-half percent (7½%) interest son allegedly agreed to pay on the loan. Appellant also sought an equitable lien on certain real property owned by her son. Appellant alleged that both principal and interest were to be paid on or before December 17, 1975. A note and mortgage were drawn by an Arkansas attorney to be executed by the son in favor of appellant. However, the son was fatally injured in an automobile accident on November 12, 1972, before he signed either the note or mortgage.

The appellant submitted a claim to the administratrix, her daughter-in-law, on February 12, 1973, which was denied on March 9, 1973. Appellant instituted this suit on June 1, 1973. An attorney for appellee deposed the appellant on June 15, 1973. The deposition went into detail about the alleged transaction between the appellant and her son before his death.

Appellee filed a motion for summary judgment on the grounds that appellant is an incompetent witness under 12 O.S.1971 § 384, to testify concerning the transaction with the decedent. Appellee also claimed that the deposition of appellant clearly and unequivocally shows that the alleged "oral contract of loan" was within the Statute of Frauds because it cannot be performed within a year from its making. 15 O.S. 1971 § 136, subd. 1.

The appellant opposed the motion with affidavits by two disinterested parties

which appellant alleged were "admissions against interest" by the deceased because he told the two affiants of the loan from appellant and of his intention to execute a note and mortgage in favor of the appellant.

The trial court, finding that there were no genuine issues as to any material facts, sustained appellee's motion for summary judgment. Appellant appealed.

The Court of Appeals held that the "contract of loan" was not void ab initio as appellee contended; the object of the contract to be lawful; and the contract was not "so vaguely expressed as to be wholly unascertainable." See 15 O.S.1971 § 2, § 104. Further, the Court of Appeals found that the appellee's contention that "the oral 'contract of loan is within the statute of frauds' because it is not to be performed within a year" was without merit because the doctrine of partial performance placed it outside of the statute. The court said appellant "partially performed by handing her son $6,000.00. And this she pled." See Grayson v. Crawford, 189 Okl. 546, 119 P.2d 42 (1941).

The Court of Appeals also held that the appellee waived appellant's incompetency to testify regarding the loan transaction with deceased under the dead man's statute "by taking her deposition and requiring her to testify in detail about it." Dean, supra. The court said: "Her (appellant's) testimony is sufficient to create a prima facie case capable of preventing entry of a summary judgment * * *." The court then reversed the trial court which had sustained appellee's motion for summary judgment.

Appellee concedes the rule of law concerning the dead man's statute announced by the Court of Appeals is the law in Oklahoma, but contends that this law is contrary to the present theory and practice of pretrial discovery. The appellee requests that we reconsider our holding in Dean, supra. Also see Cox, supra.

The rationale of Cox upon which the holding in Dean rests is that the incompetency of a witness is waived by the adverse party's calling the witness and examining him in respect to the transaction or communication had with the deceased person. In effect, the incompetent witness testifies at the time his or her deposition is taken. Therefore, the court in Cox thought it unfair to allow " * * * one party to search the conscience of his adversary, drag to light his private papers and other evidence, and then repudiate the result, if the experiment proved unsatisfactory." 156 P. p. 894. The view adhered to by this Court in Cox and Dean considered the taking of the deposition of the party incompetent to testify under the statute as requiring the party "to testify concerning transactions with the deceased person * * *." The Court thought unfairness would result if the party entitled to the protection of the statute were permitted to conduct, so to speak, a fishing expedition.

■ Oklahoma's statutes and court rules pertaining to these matters attempt to provide procedures for acquiring accurate information in advance of trial concerning the actual facts and circumstances of a controversy. [See 12 O.S.1971 § 421 et seq.; Also District Court Rules 5 and 13, 12 O.S. Ch. 2–App.). The purpose of modern pretrial discovery techniques is therefore, to promote the discovery of the true facts and circumstances of a controversy, rather than to aid in their concealment. This view has been expressed previously by this Court.

"It was the purpose of the Legislature in adopting the Code [of Civil Procedure] to eliminate the technicalities, hardships and hazards of common-law procedure by simplifying pleading and practice so as to avoid or minimize surprises and pit falls. * * * After all the purpose of the parties to an action in court should be to ascertain the truth and see that justice is done and that the right party prevails. * * * It has been well said that 'a suit at law is nei-

ther a surprise party nor a guessing contest, but an attempt to further justice.' * * * And it would ordinarily clarify the issues and shorten the trial if each party knew in advance what his adversary is going to testify to, and as Justice Brewer said, 'justice will not be apt to suffer' if each party has such knowledge." State v. Shilling, 190 Okl. 305, 123 P.2d 674, 678 (1942).

In discussing this issue, 23 ALR 3d 389, states at page 392.

"* * * [T]he more recent trend has been to hold that the voluntary act of taking the deposition of, or serving interrogatories upon, one who would otherwise be incompetent as a witness in a particular civil action does not waive the incompetency of the witness unless the deposition or answers to the interrogatories are offered or introduced into evidence in the cause. The cases so holding generally reflect the liberalization of pretrial discovery procedures, particularly under the Federal Rules of Civil Procedure and various state statutes and rules patterned thereon, and effectively reject the older 'no fishing' doctrine."

■ Because pretrial discovery procedures are designed to permit exploration and to avoid surprise, we are of the opinion that the present law with respect to this issue as stated in Dean and Cox, supra, is not in keeping with our present statutes and court rules concerning this matter, nor with the needs of the parties to a suit to discover the true facts. We hold, therefore, that the taking or filing of a deposition of an adverse party, incompetent to testify at trial under the dead man's statute, does not constitute a waiver of the right to rely upon the incompetency. We said in Hartsell v. Davis, 175 Okl. 446, 53 P.2d 261 (1936), at page 263:

"* * * [T]here is no waiver of the benefits of the statute [dead man's statute] where the record clearly discloses an intention to rely upon the protection of the statute and a preliminary examination is conducted solely for the purpose of testing the competency or incompetency of the proposed witness to testify in the case."

In applying this rule to the instant case, we hold that the taking or filing of the appellant's deposition by the appellee did not waive the incompetency of the appellant to testify concerning the transaction with the decedent. However, in so holding, we must consider whether there was any subsequent waiver by the appellee of the right afforded by the statute.

The view that no waiver exists *unless* pretrial examination is offered or introduced into evidence has gained increasingly wide support. See 23 ALR 3d 389 at page 408. This view requires the consideration of the question as to the meaning of "unless offered or introduced into evidence." In effect, if the taking or filing of the deposition does not constitute a waiver, at what stage in the proceedings would the use of and reliance upon the deposition constitute a waiver?

In the instant case, appellee used appellant's deposition in support of her motion for summary judgment. Did this constitute a waiver of the appellant's incompetency?

The procedures for summary judgment in Oklahoma are found in Rule 13—Judgment Where Facts Not Controverted—Rules for District Courts of Oklahoma. 12 O.S. Ch. 2-App., which states in part:

"A party may move for judgment in his favor on the ground that the depositions, admissions, answers to interrogatories, and affidavits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact. * * *"

In Flick v. Crouch, Okl., 434 P.2d 256 (1967), after stating that Rule 13 is patterned after Rule 56 of the Federal Rules

of Civil Procedures, this Court stated the Rule's purpose at page 262:

"The object of that rule is to avoid a *useless* trial, and a trial is not only *useful* but absolutely necessary where there is a genuine issue as to any material fact. On motion for summary judgment there can be no trial of fact issues since its function is to determine whether there are any genuine issues as to material facts. Such motion should therefore be denied if under the evidence reasonable men might reach different conclusions from undisputed facts. Michel v. Meier, D.C., 8 F.R.D. 464; Neff v. World Pub. Co., 8 Cir., 349 F.2d 235."

Later in an amplification of this statement of purpose, this Court said:

"* * * A motion for summary judgment, under Rule 13 of this court's uniform rules for the guidance of the district, superior and common pleas courts of this state, as adopted on March 15, 1965, should be denied if the facts concerning any issue raised by the pleadings, as set forth in the depositions, admissions, answers to interrogatories, and affidavits on file in the case when such motion is filed, and as set forth in affidavits thereafter filed in opposition to such motion and meeting the requirements of said Rule 13, are conflicting, or if reasonable men, in the exercise of a fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments." Perry v. Green, Okl., 468 P.2d 483, 489 (1970).

In light of the wording of Rule 13 and the statement in Perry, supra, we logically concluded that an entire deposition offered in support of a motion for summary judgment is evidentiary material which for all practical purposes has been introduced or offered into evidence. In Bordacs v. Kimmel, Fla.App., 139 So.2d 506 (1962), it was held that the mere taking of the adverse party's deposition does not waive the party's incompetency under the dead man's statute, but if used in support or defense of a motion for summary judgment, there is a waiver which extends to all further proceedings in the same action. See also Barber v. Adams, Fla.App., 208 So.2d 869 (1968); Boling v. Barnes, Fla.App., 216 So.2d 804 (1969).

12 O.S.1971 § 442, provides:

"The deposition, so taken, shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court where the action or proceeding is pending. It shall remain under seal until opened by the clerk by order of the court, or at the request of a party to the action or proceeding, or his attorney."

Appellee took appellant's deposition which was transmitted to the clerk of the court. Under our holding in this case neither the taking nor the transmission of the deposition would waive appellee's right to invoke the dead man's statute. Under Rule 13, appellee could have reserved her right to invoke the dead man's statute if she had not included in her motion for summary judgment that part of the deposition covering the transaction within the proscription of the statute. However, appellee filed with her motion that portion of the deposition concerning the transaction with the decedent. We think it sound reasoning that if a party used that particular portion of a deposition of a person incompetent to testify under the dead man's statute in support or defense of a pleading or motion or puts the same into evidence at trial, there is a waiver of the right to rely upon the protection afforded by the statute. We hold in the instant case, that the use of the appellant's deposition in support of appellee's motion for summary judgment did constitute a waiver of the right.

Therefore, in view of our holdings herein and of the two affidavits by the two disinterested parties which appear to contain admissions against interest by the decedent, and thus are admissible as

exceptions to the hearsay rule, there remains a substantial controversy as to material facts.

Our holdings in Dean and Cox, supra, wherein we said that the taking or filing of the deposition of a party, incompetent to testify under the dead man's statute, waives the incompetency of the deposed party are overruled to the extent they are inconsistent with the holding herein.

Certiorari granted; Decision of the Court of Appeals vacated; and Judgment of the trial court reversed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, LAVENDER, BARNES and SIMMS, JJ., concur.

BERRY, J., concurs in results.