IN the MATTER OF the ESTATE OF Louis VOREL, deceased:
Donald A. MILLER, Proponent-Appellant,

v.

Frank VOREL, Joseph Vorel and Jeanette Talpai,
Objectioners-Respondents.

Court of Appeals

*No. 81–274. Submitted on briefs September 8, 1981.—
Decided October 13, 1981.*
(Also reported in 312 N.W.2d 850.)

For the appellant the cause was submitted on the brief of *Richard J. Krueger* and *Krueger, Leege & Delforge* of Oconto.

For the respondents the cause was submitted on the brief of *Leslie L. Johnson* and *Thorson, Davies & Johnson* of Delavan.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. In this will contest, the trial court denied probate and declared the will void because of the undue influence of the beneficiary, Donald Miller. Miller appeals, contending that the trial court improperly applied the dead man statute, sec. 885.16, Stats., to exclude evi-

dence after the protection of that statute had been waived, and that the findings and conclusions of the trial court are contrary to the great weight and clear preponderance of the evidence. Because we find no misapplication of the dead man statute and that the findings and conclusions of the trial court are not against the great weight and clear preponderance of the evidence, we affirm.

Louis Vorel was a bachelor of eighty-four who lived on a farm in Oconto County, Wisconsin. On January 4, 1979, he suffered a stroke and was hospitalized. He died May 30, 1979, in an adjacent nursing home, survived by two brothers and a sister.

Donald Miller met Vorel about 1970 when he rented some farmland that Vorel managed. There was testimony that Miller had assisted Vorel in his last years by taking him to the doctor, to the grocery store, and to pay bills. The two appeared to have been good friends.

After Vorel's death, Donald Miller submitted a will, dated January 18, 1979, to the Oconto County Circuit Court for probate. In the will, Donald Miller was named personal representative and sole beneficiary of Louis Vorel.

Miller had seen an attorney on January 17, 1979, to obtain power of attorney over Vorel's affairs, but the will was drafted January 18 by George Stodola, a layman.[1] On that day, Miller took some notes to Stodola, who drafted the will based solely on the notes. He did not recall whether they were signed by Vorel. Miller took the will back to the hospital where Vorel executed it. Miller then kept it until Vorel's death.

Vorel's brothers and sister objected to the will offered by Miller. The trial court found "[t]hat the objectors

---

[1] Stodola was paid $5. Miller testified that Vorel wanted Stodola to draft the will because the attorney would have charged $50. If so, this is a classic case of false economy, not to mention the unauthorized practice of law.

have met their burden of proof by clear satisfactory and convincing evidence that Donald A. Miller exercised undue influence in the drafting and execution of the will of Louis Vorel. . . ."

Miller contends that he was improperly prevented from offering testimony about transactions with the deceased to explain his actions. Respondents' objections that Miller was not competent to give such testimony because of the dead man statute, sec. 885.16, were sustained. Miller argues that deposition questions about transactions with the decedent resulted in a total waiver of the dead man statute for purposes of the trial, citing 81 Am. Jur. 2d *Witnesses* § 407, at 413 (1976). This section states the general rule applied in many states, but the rule is not universal.[2] Miller has cited no authority that this rule applies in Wisconsin, and we conclude that it does not. *Estate of Ford,* 23 Wis. 2d 60, 68, 126 N.W.2d 573, 577–78 (1964). The respondents waived statutory protection only for transactions discussed in deposition testimony that was offered into evidence.

Miller further argues that the attorney for Vorel's heirs waived protection of the dead man statute by asking questions on direct examination about transactions with the decedent. Section 885.16 provides that testimony offered by the opposing party concerning a transaction opens the door to testimony "only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates." After respondents' waiver, the witness became competent to testify on the details "of the particular transaction or communication." *Johnson v. Mielke,* 49 Wis. 2d 60, 181 N.W.2d 503 (1970). Our re-

---

[2] *See, e.g., Estate of Sylvesteri,* 57 A.D.2d 558, 393 N.Y.S.2d 82 (1977); *Davis v. Davis,* 536 P.2d 915 (Okla. 1975).

view of the alleged violations of the dead man statute reveals no misapplication of the limited waiver rule.

The standard of review is undisputed. Findings of fact will be sustained unless they are against the great weight and clear preponderance of the evidence. The trial court is the ultimate arbiter of the credibility of witnesses, and the reviewing court must accept the inference drawn by the trier of fact where more than one inference is reasonable. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 249, 274 N.W.2d 647, 650 (1970).

Wisconsin courts recognize two distinct tests for undue influence. The trial court found undue influence under both. The first test requires proof of susceptibility, opportunity, disposition and coveted result. If the objector proves three of the elements by clear, satisfactory, and convincing evidence, there need be only slight proof of the fourth. *Estate of Von Ruden*, 55 Wis.2d 365, 373, 198 N.W.2d 583, 586 (1972); *Will of Freitag*, 9 Wis. 2d 315, 317–18, 101 N.W.2d 108, 110 (1960).

Evidence in the record supports the trial court's result. Vorel was susceptible to undue influence because of his limited education, his dependence on Miller, his advanced age, and his physical condition after the stroke. Miller had ample opportunity to exercise undue influence. He saw Vorel daily after the stroke. He was involved in every aspect of the will's preparation. After it was executed, Miller took the will home and told a relative of Vorel's that he did not know what was in it. Miller's disposition to improperly procure a benefit for himself is shown by this misrepresentation. The coveted result was that Miller became the sole beneficiary of Vorel's estate, the value of which he misrepresented to Vorel's heirs at the funeral.

Although only one test need be met for the objector to prevail, the trial court also found undue influence under a second test, which requires "a confidential or fiduciary relationship . . . between the testator and the beneficiary coupled with the existence of 'suspicious circumstances.'" *Von Ruden,* 55 Wis. 2d at 373, 198 N.W.2d at 586. *See also Estate of Komarr,* 46 Wis. 2d 230, 239, 175 N.W.2d 473, 478 (1970) ; *Will of Cooper,* 28 Wis. 2d 391, 395, 137 N.W.2d 93, 95 (1965). The fiduciary relationship was established when Vorel executed a power of attorney to Miller the day before the will was drafted and executed. Miller had also helped Vorel with his financial affairs in the past. The existence of a fiduciary relationship alone is not undue influence, but when coupled with the "suspicious circumstances" of Miller's extensive involvement in the preparation of the will, its drafting by a layman; the haste with which it was prepared; the unexplained[3] and total omission of the natural objects of Vorel's bounty; and Miller's misrepresentations to Vorel's relatives about the size of the estate; and his lack of knowledge of the will's contents, the trial court may infer undue influence, which Miller then had the burden of rebutting. *Von Ruden,* 55 Wis. 2d at 376, 198 N.W.2d at 588; *see Komarr,* 46 Wis. 2d at 239–40, 175 N.W.2d at 478; *Will of Faulks,* 246 Wis. 319, 364–65, 17 N.W.2d 423, 440 (1945).

The trial court's determination of undue influence is supported by evidence in the record and is not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

[3] Miller's witnesses offered some explanation for the testator's choice of Miller to the exclusion of his natural heirs. The credibility and adequacy of these explanations are, as always, matters for the trial court.